UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK DAVID SANDERSFIELD, III,

                   Plaintiff,                              Case Number 20-10740
                                                          Honorable David M. Lawson
v.                                              Magistrate Judge David R. Grand

COMMISSIONER OF SOCIAL SECURITY,

                   Defendant.
_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION TO REMAND, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AFFIRMING THE FINDINGS OF THE COMMISSIONER, AND DISMISSING COMPLAINT

Plaintiff Jack David Sandersfield, III, a 44-year-old male, filed the present action seeking review of the Commissioner's decision denying his fourth application for Supplemental Security Income benefits (SSI) under Title XVI of the Social Security Act. Sandersfield alleges that he cannot work because of a variety of physical and mental disabilities. His most recent application for SSI covered a period from February 13, 2017 through December 26, 2018 and was denied after an administrative hearing. After Sandersfield filed this action seeking review of the Commissioner's decision, the case was referred to United States Magistrate Judge David R. Grand under 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion to remand the case under Sentence Four of 42 U.S.C. § 405(g) for further consideration by the administrative law judge. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Grand filed a report on April

-1-

9, 2021, recommending that the defendant's motion for summary judgment be granted, the plaintiff's motion to remand be denied, and the decision of the Commissioner be affirmed. The plaintiff filed timely objections, and the defendant filed a response. The matter is now before the Court.

One of the main issues in dispute in this case is whether the administrative law judge (ALJ) applied the correct law when considering the weight and effect that the previous unfavorable decision should be afforded to this most recent application. The ALJ stated that he was bound to follow *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997), and its application of *res judicata* principles to Social Security administrative hearings. However, the Sixth Circuit modified that holding in *Earley v. Commissioner of Social Security*, 893 F.3d 929 (6th Cir. 2018), which was decided before the ALJ issued his decision in this case. The fallout from *Earley*'s modification of *Drummond* did not contaminate the ALJ's evaluation of the administrative record or his ultimate decision, as explained below.

Sandersfield, who is now 44 years old, filed his application for SSI benefits on February 13, 2017, when he was 39. The ALJ who issued the ruling now appealed, Manh H. Nguyen, noted that the instant request for benefits was the plaintiff's fourth, and the plaintiff's most recent preceding request for benefits was denied in a ruling issued by another ALJ, Laura Chess, on October 12, 2016. The Appeals Council had denied the plaintiff's request for review of that earlier decision on January 30, 2017. Citing *Drummond, Dennard v. Secretary*, 907 F.2d 598 (6th Cir. 1990), and Social Security Rulings (SSR) 98-4(6) and 98-3(6), ALJ Nguyen indicated in his decision that he was bound to adhere to conclusions reached in the earlier ruling denying benefits,

-2-

unless the plaintiff had demonstrated by new evidence either an improvement or deterioration in his condition.

Sandersfield completed high school, but the ALJ found that he had not performed any past relevant work. He alleges that he is disabled as a result of his cervical spondylosis, herniation of the lumbar spine, osteoarthritis and tendinosis of the left shoulder, acquired keratosis, venous insufficiency, right metatarsalgia (inflammation of the joints at the base of the toes), tinea unguium (toenail fungus), diabetic polyneuropathy, diabetes mellitus, insomnia, obstructive sleep apnea, obesity, learning disorder, and speech impairment. In his application for benefits, the plaintiff initially alleged a disability onset date of November 6, 2000, which he later amended to March 13, 2017, although the ALJ used the application filing date of February 13, 2017 as the onset date, and the parties appear to have accepted that determination.

Sandersfield's application for SSI benefits was denied initially on May 15, 2017. He timely filed a request for an administrative hearing, and on October 25, 2018, he appeared before ALJ Nguyen with counsel. On December 26, 2018, ALJ Nguyen issued a written decision in which he found that Sandersfield was not disabled. On February 5, 2020, the Appeals Council denied Sandersfield's request for review of the ALJ's decision. On March 19, 2020, the plaintiff filed his complaint seeking judicial review of the denial of his requested benefits.

ALJ Nguyen determined that Sandersfield was not disabled by applying the five-step sequential analysis prescribed by the Secretary of Social Security in 20 C.F.R. § 416.920. At step one of the analysis, the ALJ found that the plaintiff had not engaged in substantial gainful activity since February 13, 2017. At step two, he found that Sandersfield suffered from cervical

-3-

spondylosis, herniation of the lumbar spine, osteoarthritis and tendinosis of the left shoulder, acquired keratosis, venous insufficiency, right metatarsalgia, tinea unguium, diabetic polyneuropathy, diabetes mellitus, insomnia, obstructive sleep apnea, obesity, learning disorder, and speech impairment — impairments that were "severe" within the meaning of the Social Security Act. At step three, the ALJ determined that none of the severe impairments, alone or in combination, met or equaled a listing in the regulations.

Before proceeding further, the ALJ determined that Sandersfield retained the functional capacity to perform light work as defined in 20 CFR 416.967(b), with certain limitations. The ALJ determined that Sandersfield (1) never can climb ladders, ropes, or scaffolds, (2) never can kneel or crawl, (3) occasionally can climb ramps and stairs, (4) frequently can balance, stoop, and crouch, (5) never can reach overhead with his left dominant arm, (6) occasionally can reach in all other directions, handle, and finger with his left arm, (7) never can perform commercial driving or operate moving machinery, (8) cannot work around hazards such as unprotected heights or unguarded moving machinery, and (9) can understand, remember, and carry out simple instructions, but (10) cannot work at a production rate pace that requires hourly quotas, and (11) only occasionally can interact with the general public.

At step four of the analysis, the ALJ found that the plaintiff had not performed any past relevant work. At step five, the ALJ found that, based on Sandersfield's residual functional capacity (RFC), and relying on the testimony of a vocational expert, the plaintiff could perform the duties of representative occupations including machine tender (over 100,000 positions in the national economy) and line attendant (125,000 positions nationwide). Based on those findings —

-4-

and noting that, if the plaintiff had the capacity to perform a full range of light work, then a "not disabled" finding would have been mandated by Medical Vocational Rule 202.21 — the ALJ concluded that Sandersfield was not disabled within the meaning of the Social Security Act.

In his motion to remand, Sandersfield raised two arguments.  First, in his opening brief, Sandersfield accepted *Drummond*'s premise that an ALJ considering a subsequent application for benefits is bound by the determination of the previous AJL "[a]bsent evidence of an improvement in a claimant's condition."  126 F.3d at 842 (applying principles of administrative *res judicata*). Sanderson, pointing out that ALJ Chess has determined that he could perform only sedentary work, argued that there was no medical evidence supporting ALJ Nguyen's conclusion that the plaintiff's physical capacity had improved to the level of light work.  Following the Commissioner's response pointing out that *Drummond* had been scaled back by *Earley*, the plaintiff deftly pivoted in his reply brief to argue that the ALJ applied the incorrect law (*Drummond*) and that by itself required a remand under Sentence Four of 42 U.S.C. § 405(g).  He also maintained that the evidence did not demonstrate any improvement in his condition.

Sandersfield's second argument was that the opinions of two state agency evaluators that were cited by ALJ Nguyen were not made part of the administrative record, but only were excerpted in disability determination explanations produced by the examiners, and the opinions therefore could not properly be deemed to lend evidentiary support to the ruling.

The magistrate judge rejected both arguments.  He found that the ALJ's decision was not improperly grounded merely because a different RFC assessment was reached contrary to the determination of the earlier administrative ruling.  He observed that although the ALJ had cited

the deprecated holding of the *Drummond* case, the ALJ's analysis conformed to *Earley*'s prevailing rule, which is that a prior administrative ruling was a relevant source of disability determinations that could inform a subsequent RFC assessment, but the prior ruling was not binding on the ALJ reviewing the merit of a subsequent benefit application for a different period of alleged disability vs. the earlier benefit application. *Earley*, 893 F.3d at 933. The magistrate judge noted that the plaintiff had not undergone any new treatment or imaging for his spinal condition after the prior ruling, and other medical notes indicated that his spinal condition had improved. The magistrate judge also found that the plaintiff's claims of certain additional limitations were not substantiated by the medical record, and his assertions about certain additional treatment he received were not documented by any medical source in the administrative record. Finally, the magistrate judge found that the ALJ's determination of mental limitations was supported by the opinion of a state agency evaluator, and by evidence that the plaintiff was able to understand and communicate with the ALJ during the administrative hearing, without significant difficulties.

As to the purportedly improperly regarded opinions of two state agency evaluators, the magistrate judge found that legal authority cited by the Commissioner, namely *Burton v. Berryhill*, No. 16-240, 2018 WL 327763, at *6 n.3 (E.D. Tenn. Jan. 8, 2018), "eviscerated" the plaintiff's position that the medical opinions were considered improperly by the ALJ.

The plaintiff filed one objection to the magistrate judge's report and recommendation. The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which

objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985).  As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The plaintiff contends that the magistrate judge erred in his review of the ALJ's RFC findings because he misread and misapplied the principles enunciated in the Sixth Circuit's *Earley* decision by countenancing an ALJ ruling that effectively "disregarded" the prior administrative ruling, without affording the prior ruling the thorough consideration demanded by *Earley*.  The plaintiff also objected to the magistrate judge's thesis that the supposed improvement in the plaintiff's physical condition was substantiated by a lack of evidence indicating further medical treatment or diagnosis for certain conditions.  He contends that there is no valid medical basis for

a conclusion that a lack of further treatment evidences "improvement" when the diagnosed conditions at issue are chronic and degenerative.

In *Earley*, the court of appeals characterized the *Drummond* court's discussion of administrative *res judicata* as an "overstatement" of the law, although it reaffirmed the rule that "*res judicata* may apply to administrative proceedings." 893 F.3d at 933 (citing *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422 (1966)). That concept — *res judicata* — would bar, for example, "a second application for the same period of time finally rejected by the first application and offers no cognizable explanation for revisiting the first decision." *Ibid.* The "overstatement" consists of applying *res judicata* to a subsequent application covering a different time period. "When an individual seeks disability benefits for a distinct period of time, each application is entitled to review." *Ibid.* What effect should the previous ALJ's determination have on that subsequent application? The court explained that an ALJ properly applies *Drummond* and the "principles" of *res judicata* — that is "[f]inality, efficiency, and the consistent treatment of like cases" — "by considering what an earlier judge found with respect to a later application and by considering that earlier record." *Ibid.* The court determined, therefore, that "it is fair for an administrative law judge to take the view that, absent new and additional evidence, the first administrative law judge's findings are a legitimate, albeit not binding, consideration in reviewing a second application." *Ibid.*

That is *almost* what ALJ Nguyen did here; "almost" because he apparently believed he was "bound" by ALJ Chess's findings unless "new evidence and changes in policy support a change in findings." Tr. 83. That misunderstanding, however, does not require remanding the case,

because application of that stricter standard favored the plaintiff: instead of giving the earlier determination respectful consideration, ALJ Nguyen believed that he needed new evidence to unbind him from ALJ Chess's determination.

Either way, Sandersfield maintains that the record does not contain such evidence. Acknowledging ALJ Chess's sedentary work RFC finding, ALJ Nguyen elevated the plaintiff's exertional capacity to the light work level.   According to 20 C.F.R. § 404.1567(b), "light work," among other things, "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."   Sedentary work, on the other hand, "involves lifting no more than 10 pounds at a time and occasionally carrying articles like docket files, ledgers, and small tools."  20 C.F.R. § 404.1567(a).  As the magistrate judge noted, the ALJ based his determination of Sandersfield's increased exertional capacity in part on the absence of any specific treatment for his back and neck pain from February 2017 through December 2018.  The plaintiff fairly points out that the absence of treatment likely would not support an inference that his condition had improved, as he was suffering from a chronic and degenerative condition.  But his primary care provider did not point to any specific findings that were remarkable, and the plaintiff never followed up on any of the referrals to specialists for additional treatment.  More compelling, though, was the evidence of Sandersfield's individual activities, which included moderate to heavy automotive repair work and spending a day stacking cord wood.

In addition, as the magistrate judge pointed out, ALJ Chess relied on a state agency physician's opinion that Sandersfield could perform sedentary work when she made her corresponding determination.  ALJ Nguyen relied on a different state agency physician, Dr. Jamie

Wentzloff, who opined in May 2017 that Sandersfield could perform a range of light work.  State agency reviewers' opinions have been characterized as the "best evidence" where, as here, there are no contrary opinions in the record.  *See Watts v. Comm'r of Soc. Sec.*, 179 F. App'x 290, 294 (6th Cir. 2006).  That constellation of information certainly amounts to "substantial evidence" — a low bar, consisting of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, --- U.S. ---, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison*, 305 U.S. 197, 229 (1938)); *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion.  The Court has considered Sandersfield's objection to the report and recommendation and finds that it lacks merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation (ECF No. 17) is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections (ECF No. 18) are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion to remand (ECF No. 13) is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment (ECF No. 15) is **GRANTED**.  The findings of the Commissioner are **AFFIRMED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  August 5, 2021

-10-